IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GALDO, on behalf of himself and similarly situated employees, | : CIVIL ACTION |
| | : |
| | : NO. _____ |
| Plaintiff, | : |
| v. | : CLASS/COLLECTIVE ACTION |
| | : |
| PPL CORPORATION and PPL ELECTRIC UTILITIES CORPORATION, | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff John Galdo ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendants PPL Corporation and PPL Electric Utilities Corporation (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.[1]

## JURISDICTION AND VENUE

1.      Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.      Venue is proper under 28 U.S.C. § 1391.

---

[1] FLSA collective action claims and Rule 23 class action claims may proceed together in the same lawsuit.  *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

## PARTIES

4.      Plaintiff is an individual residing in Cheyney, Pennsylvania (Delaware County).

5.      Plaintiff is an employee covered by the FLSA and the PMWA.

6.      Defendant PPL Corporation is a Pennsylvania corporate entity headquartered in Allentown, Pennsylvania (Lehigh County).

7.      Defendant PPL Electric Utilities Corporation is wholly-owned subsidiary of Defendant PPL Corporation and is headquartered in Allentown, Pennsylvania (Lehigh County).

8.      Defendants are employers covered by the FLSA and the PMWA.

## FACTS

9.      Defendants provide electricity to Pennsylvania customers.

10.      Defendants operate a "Transmission and Distribution Operations Department" that is responsible for, *inter alia*, working to restore electrical service to Defendants' customers.

11.      During the three-year period relevant to this lawsuit, Defendants have employed over 50 individuals in their Transmission and Distribution Operations Department in job titles such as, *inter alia*, "System Operator" and "Senior System Operator."  These individuals are referred to as "T&D Employees."

12.      Plaintiff was employed by Defendants as a T&D Employee from approximately June 2012 until approximately June 2014.

13.      Plaintiff and other T&D Employees are paid on an hourly basis.

14.      Plaintiff and T&D Employees regularly work over 40 hours per week.

15.      Plaintiff and other T&D Employees are entitled to extra overtime premium

compensation for hours worked over 40 per week equal to 150% of their regular hourly pay rate.  *See* 29 C.F.R. § 778.112; 34 Pa. Code § 231.43(b).

16.    Defendants have failed to pay Plaintiff and other T&D Employees extra overtime premium compensation for all hours worked over 40 per week.

17.    Instead, Defendants have compensated Plaintiff and other T&D Employees at their straight-time pay rate for all hours worked over 40 in a week.

18.    In failing to pay Plaintiff and other T&D Employees overtime premium compensation for all hours worked over 40 per week, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiff brings his FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all hourly T&D Employees who have worked for Defendants in Pennsylvania during the past three years.

20.    Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

21.    Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all hourly T&D Employees who have worked for Defendants in Pennsylvania during the past three years.

22.    Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

23.    The class, upon information and belief, includes over 50 individuals, all of

whom are readily ascertainable based on Defendants' standard payroll records and are so numerous that joinder of all class members is impracticable.

24.     Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

25.     Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

26.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' companywide timekeeping and pay policies, as summarized herein.  The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

27.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

### COUNT I
### (Alleging FLSA Violations)

28.     All previous paragraphs are incorporated as though fully set forth herein.

29.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

30.     Defendants violated the FLSA by failing to pay Plaintiff and other FLSA collective members overtime premium for hours worked over 40 per week.

31.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

32.     All previous paragraphs are incorporated as though fully set forth herein.

33.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

34.     Defendants violated the PMWA by failing to pay Plaintiff and other Rule 23 class members overtime premium for hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A.     An order permitting this action to proceed as a collective and class action;

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C.     Unpaid wages (including overtime premium wages) and prejudgment interest to the fullest extent permitted under federal and state law;

D.     Liquidated damages to the fullest extent permitted under the FLSA;

E.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

F.     Such other and further relief as this Court deems just and proper.

Date:  October 10, 2014

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiff's Counsel*